IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| WALTER SMITH | : | CIVIL ACTION |
|  | : |  |
| v. | : |  |
|  | : |  |
| JON D. FISHER, et al. | : | NO.  14-2935 |
|  | : |  |

## <u>MEMORANDUM</u>

**Padova, J.**                                                    **August 15, 2016**

Petitioner Walter Smith, a prisoner at the State Correctional Institution – Smithfield, located in Huntingdon, Pennsylvania, has filed a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the following reasons, and after careful consideration of the Report and Recommendation prepared by United States Magistrate Judge Lynne Sitarski and Petitioner's Objections thereto, we overrule the Objections, adopt the Report and Recommendation, and deny the Petition.

## I.    BACKGROUND

On June 22, 1999, a man named Steven Taylor was shot and killed in North Philadelphia. Evidence pointed to Petitioner William Smith as the shooter; however, he fled to Arizona and was not apprehended until 2003.  When brought to trial, Petitioner chose to waive his right to a jury trial as well as his right to testify on his own behalf.  On April 29, 2005, after a two-day bench trial in front of the Honorable M. Teresa Sarmina of the Philadelphia Court of Common Pleas, Petitioner was convicted of first-degree murder, carrying a firearm without a license, carrying a firearm on a public street, and possession of an instrument of crime.  Judge Sarmina sentenced Petitioner to life imprisonment on the murder charge and two to seven years'

imprisonment for carrying a firearm without a license, to be served consecutively.  No further punishment was imposed for the other two weapons violations.

Petitioner subsequently completed direct and Post Conviction Relief Act ("PCRA") appeals in the state court system and filed the instant § 2254 Petition asserting the following grounds for relief: (1) "Ineffective assistance of trial counsel for coercing Petitioner to waive his Sixth Amendment right to trial by jury and for unreasonably advising Petitioner to enter such waiver upon the record without any rational strategic reason therefor" (Pet'r's Mem. at 13); (2) "Ineffective assistance of post-sentence, direct appeal and PCRA counsel for failing to raise the issue presented as Ground One" (id. at 20); (3) "Ineffective assistance of counsel for failing to bring a motion in limine before the calendar judge to exclude evidence of Petitioner's possession of a gun at the time of his arrest in Arizona, or to object to the admission of said evidence at trial" (id. at 23); (4) "Ineffective assistance of trial counsel by eliciting N'Cole Pendergrass's prior testimony at the preliminary hearing identifying the dark object he claimed at trial to have seen in Petitioner's hand, as a gun" (id. at 26); (5) "Ineffective assistance of trial counsel for failing to place before the trial court the fact that the victim, Steven Taylor, had been previously convicted of third degree murder for which he served [five to ten] years plus a period of probation" (id. at 29); (6) "Deprivation of Petitioner's Confrontation Clause rights by virtue of the withholding of witness Pendergrass's true name" (id. at 30); (7) "Ineffective assistance of post-sentence/direct appeal counsel for failing to include Ground Six in his original post-sentence motion and for improperly conceding that witness Pendergrass's crimen falsi convictions were not admissible due to their age.  Ineffective assistance of PCRA counsel for failing to raise this issue" (id. at 32); (8) "Ineffective assistance of trial counsel for failing to further investigate the identity and background of N'Cole Pendergrass and discover his use of [a]

false name and crimen falsi convictions.  Ineffectiveness of subsequent counsel for failing to raise the issue" (id. at 34); and (9) "Ineffective assistance of trial counsel for offering such unreasonable advice as to vitiate the intelligence and voluntariness of Petitioner's waiver [of his right to testify].  Ineffectiveness of post-sentence/direct appeal and PCRA counsel for failing to raise and argue the issue." (Id. at 38.)  In addition, although not specifically mentioned as a separate ground, the Petition also requests that all the alleged violations of Petitioner's right to effective counsel be evaluated cumulatively.  (Id. at 38-39.)

In a thorough and well-reasoned Report and Recommendation, Magistrate Judge Sitarksi recommends that we deny the Petition in its entirety.  Specifically, she recommends that Grounds One through Nine should be denied on their merits and that the request for cumulative review is procedurally defaulted.  Petitioner has asserted numerous Objections, challenging all sections of the Report and Recommendation with the exception of the section entitled "Legal Standards."

## II.   LEGAL STANDARD

### A.   Standard of Review

Where a habeas petition has been referred to a magistrate judge for a Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  [The Court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

### B.   Legal Standard under 28 U.S.C. § 2254

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for habeas corpus may be granted only if (1) the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States;" or if (2) the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(1)-(2).   In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court interpreted the two components of § 2254(d)(1) and explained:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.   Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 412-13.   In order to determine whether a state court's application of federal law is "unreasonable," a court must apply an objective standard, such that the relevant application "may be incorrect but still not unreasonable."   Duncan v. Morton, 256 F.3d 189, 196 (3d Cir. 2001) (citing Williams, 529 U.S. at 409-10).   The test is whether the state court decision "resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent."   Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 890 (3d Cir. 1999) (en banc). With respect to § 2254(d)(2), "[f]actual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence." Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).

## III.   DISCUSSION

The Magistrate Judge recommends that we deny Petitioner's request for relief because his claims of ineffectiveness of trial counsel, ineffectiveness of subsequent counsel, and a violation of his rights under the Confrontation Clause are meritless.   We address each of Petitioner's Objections to these recommendations in turn.

A.      Ineffective Assistance of Counsel

1.      Objections to Ground One – Jury Trial Waiver

Petitioner first objects to the Magistrate Judge's recommendation, in connection with Ground One, that the Pennsylvania state courts correctly stated and applied the standard for determining prejudice under Strickland v. Washington, 466 U.S. 668 (1984).[1]   In order to establish prejudice under the Strickland standard, a petitioner must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  Petitioner argues that both the Pennsylvania state courts and Magistrate Judge Sitarski misconstrued the term "proceeding" to mean that Petitioner needed to establish that he would have received a more favorable verdict had he been tried by a jury instead of a judge, when, instead, the correct inquiry is whether the result of the waiver proceeding, not the trial, would have been different.  In support of this argument, Petitioner primarily cites to Commonwealth v. Mallory, 941 A.2d 686, 704 (Pa. 2009), a Pennsylvania Supreme Court decision interpreting Strickland to require that the relevant proceeding, when considering an ineffectiveness of counsel claim in the context of a jury trial waiver, is the jury waiver, not the trial itself.

In relying so heavily on Mallory, Petitioner appears to be primarily arguing that the state courts misinterpreted or misapplied Pennsylvania law.  However, "[t]he habeas statute 'unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (quoting Wilson

---

[1] For a petitioner to prevail on an ineffectiveness claim under the Strickland standard, he must establish both that counsel's performance was deficient and that the deficient performance was so prejudicial that it deprived him of a fair trial.  466 U.S. at 687.

v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam)).  Moreover, the Supreme Court "ha[s] stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"  Id. (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)).  Therefore, to the extent that Petitioner's Objection is grounded on an argument that he is entitled to habeas relief because the state courts incorrectly applied Pennsylvania law, we overrule the Objection.

Furthermore, as Magistrate Judge Sitarski explained, in United States v. Lilly, 536 F.3d 190 (3d Cir. 2008), the United States Court of Appeals for the Third Circuit, applying Strickland, held that whether or not a petitioner was prejudiced by ineffective counsel when deciding to waive the right to a jury trial is determined by looking at whether, "in the absence of counsel's advice, another fact finder (i.e., a jury) would have been reasonably likely to arrive at a different outcome."[2]  Id. at 196 (citation omitted).  Given this precedent, we simply cannot conclude that it was contrary to clearly established federal law for the state courts to reach this same conclusion as to how to assess prejudice.

---

[2]  Lilly involved a federal prisoner and was therefore decided under 28 U.S.C. § 2255.  However, the Supreme Court has explained that "there can be no doubt that the grounds for relief under § 2255 are equivalent to those encompassed by § 2254, the general federal habeas corpus statute, under which relief is available on the ground that '(a person) is in custody in violation of the Constitution or laws or treaties of the United States.'"  Davis v. United States, 417 U.S. 333, 344 (1974) (quoting 28 U.S.C. § 2254).  Petitioner argues that the analysis in his case should be different from that in Lilly because concerns of comity in § 2254 cases demand respect and deference to the reasonable determination of the Pennsylvania Supreme Court in Mallory.  However, in the § 2254 context, it is comity and respect for the underlying state court decisions in the case at hand that are at issue, not comity and respect for other state court decisions in other cases.  See Gryger v. Burke, 334 U.S. 728, 731 (1948) (stating that because the petitioner alleges only that a state trial court misinterpreted state law, and that because a court's action was affirmed by the highest court in Pennsylvania, the Supreme Court was not empowered to adopt a different view of state law); Johnson v. Rosemeyer, 117 F.3d 104, 113 (3d Cir. 1997) ("In habeas cases, . . . district courts act after the state court has decided the state law and applied it to the same record that is before the habeas court.  To permit federal courts to speculate about the direction state law may take in the face of an authoritative final decision of a state court in the same case would directly interfere with the state's ability to decide the meaning of its own law." (quotation omitted)).

Consequently, the only remaining inquiry is "whether the state court's application of the Strickland standard was unreasonable" insofar as it concluded that there was no prejudice in this case because a jury would not have been reasonably likely to arrive at a different outcome. Harrington v. Richter, 562 U.S. 86, 101 (2011).  In assessing whether a litigant was prejudiced by appearing before a judge rather than a jury, "we must assume, absent some allegation to the contrary, "that the judge . . . acted according to law.'" Lilly, 536 F.3d at 196 (quoting Strickland, 466 U.S. at 694).  Furthermore, we must assume that the judge "reasonably, conscientiously, and impartially appl[ied] the standards that govern[ed her] decision.'"  Id. (quoting Strickland, 466 U.S. at 695).

Petitioner argues that "it is not at all likely" that a jury – unlike the judge – would have found him guilty based on the evidence presented.  (Objs. to R&R at 12.)  However, as the Magistrate Judge observed, the evidence presented at trial supported the judge's finding of guilt,[3] and Petitioner "has not presented any evidence that the judge was biased or that the trial was conducted in a manner that was unfair." Lilly, 536 F.3d at 197; see also Willis v. Smith, 351 F.3d 741, 746 (6th Cir. 2003) (rejecting an ineffective assistance claim regarding waiver of a jury trial because the government presented overwhelming evidence and the petitioner "presented no

---

[3] For example, the Commonwealth called six witnesses, including two eyewitnesses who identified Petitioner as the shooter.  Petitioner emphasizes that Rashawn Perry, one of the eyewitnesses, failed to identify Petitioner at trial, but this testimony was contradicted by his previous identification and signed reports.  (See N.T. 4/28/05 at 34-36, 42-49.)  Petitioner also contends that N'Cole Pendergrass's statements changed drastically and therefore were not credible.  However, Judge Sarmina credited their relevant testimony, and, "'[a]s a federal habeas court, we must defer to the factual findings of the state court proceedings and respect the ability of the fact-finder to evaluate the credibility of the witnesses.'" Reed v. Stephens, 739 F.3d 753, 785 (5th Cir. 2014) (quoting Jackson v. Miss. Dep't of Corr., 359 F. App'x 499, 502 (5th Cir. 2010)); see also Cotto v. Herbert, 331 F.3d 217, 233 (2d Cir. 2003) ("Under 28 U.S.C. § 2254(e)(1), the fact-findings of the trial court are subject to a 'presumption of correctness,' a presumption that is particularly important when reviewing the trial court's assessment of witness credibility." (citation omitted)).

evidence that the judge's rulings were biased in any way or that the trial was otherwise unfair"). We therefore conclude that Petitioner has failed to show that it was unreasonable for the state court to decide that counsel's advice to proceed without a jury did not "prejudice[] him in a way that 'undermine[s] confidence in the outcome.'" Lilly, 536 F.3d at 197 (second alteration in original) (quoting Strickland, 466 U.S. at 694).   Consequently, we overrule Petitioner's Objections to the Magistrate Judge's recommendations concerning his first ground for relief.[4]

> 2.   Objections to Ground Two – Appellate Counsel for Failure to Raise Ground One

Petitioner next objects to the Magistrate Judge's recommendation that, because trial counsel was not ineffective in advising him to waive his right to a jury, appellate or PCRA counsel could not be found ineffective for failing to raise this same issue of trial counsel ineffectiveness on direct or PCRA appeal.   However, Petitioner's only argument is that the Magistrate Judge should have recommended that trial counsel was ineffective and, thus, should have considered the claims of appellate and PCRA counsel ineffectiveness.   As we have overruled Petitioner's Objections to the Magistrate Judge's recommendation regarding the claim of trial counsel ineffectiveness, we similarly overrule Petitioner's Objections to the Magistrate

---

[4] Because Petitioner has failed to establish that he was prejudiced by his counsel's advice to proceed with a bench trial, we need not inquire into whether counsel's advice fell below an objective standard of reasonableness.   See Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.")   Moreover, to the extent that Petitioner objects to the Magistrate Judge's recommendations because she did not hold an evidentiary hearing to inquire into whether counsel improperly pressured Petitioner to waive his jury trial right, we conclude that such a hearing was unnecessary since Petitioner's inability to show prejudice arising from his waiver prevented him from obtaining habeas relief even if he was able to show that counsel's performance was constitutionally deficient.   See Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (holding that, when deciding whether to exercise its discretion to grant an evidentiary hearing, a district court "must consider whether such a hearing could enable an applicant to prove . . . factual allegations, which, if true, would entitle the applicant to federal habeas relief" (citation omitted)).

Judge's recommendation that we deny his related claim of appellate and PCRA counsel ineffectiveness.  See Werts, 228 F.3d at 203 (explaining that "counsel cannot be deemed ineffective for failing to raise a meritless claim" (citation omitted)).

3.      Objections to Ground Three – Exclusion of Gun Evidence

Third, Petitioner objects to the Magistrate Judge's recommendation that the state courts reasonably concluded that counsel was not ineffective despite his failure to move to exclude testimony that Petitioner was found with a gun when he was arrested in Arizona.  In support of this Objection, Petitioner contends that the Superior Court and the Magistrate Judge both erred by failing to recognize that the gun evidence was irrelevant and inadmissible.  Petitioner further argues that "both the Pennsylvania courts and the Magistrate Judge set up a false connection between counsel's desire to demonstrate Petitioner's cooperativeness at the time of [his] arrest and the alleged need to have the gun in evidence."  (Objs. to R&R at 19.)

Under the deficient performance prong of Strickland, Petitioner "must prove that 'counsel's representation fell below an objective standard of reasonableness.'"  McBride v. Superintendent, SCI Houtzdale, 687 F.3d 92, 102 (3d Cir. 2012) (quoting Strickland, 466 U.S. at 688).  "In scrutinizing counsel's performance, we 'must be highly deferential,' and refrain from 'second-guess[ing] counsel's assistance after conviction or adverse sentence, [as] it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.'"  Id. (alterations in original) (quoting Strickland, 466 U.S. at 689).  We are instructed to "'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"  Id. (quoting Strickland, 466 U.S. at 689).  Moreover, in considering the specific question of whether a state court's application of Strickland was unreasonable when § 2254(d) applies, the proper inquiry is

"whether there is any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard."  <u>Richter</u>, 562 U.S. at 105.

Here, we conclude that there is a reasonable argument that Petitioner's trial counsel acted within the "wide range of reasonable professional assistance" to which Petitioner was entitled when he did not object to the testimony that Petitioner was found with a gun when arrested. <u>Strickland</u>, 466 U.S. at 689.  As the Magistrate Judge noted, counsel testified at a post-sentence hearing that he would have objected to the introduction of the gun evidence if he had been before a jury, but that he was less concerned about the firearm in the context of a bench trial and actually felt that the fact that Petitioner was a fugitive was more concerning than the fact that Petitioner had a gun.  (N.T. 9/23/05 at 9.)  He further suggested that he felt that Petitioner's cooperative attitude during the arrest – which included Petitioner's voluntary disclosure that he had a firearm – was evidence that benefitted Petitioner.  (<u>See</u> <u>id.</u>)

Petitioner's contends that this explanation "establishes that counsel's mind was on the fact of Petitioner's fugitive status as opposed to the potential for prejudice from the gun," which, according to Petitioner, "bespeaks negligence rather than strategy."  (Objs. to R&R at 20.) However, "[t]here is a 'strong presumption' that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect,'" <u>Richter</u>, 562 U.S. at 109 (quoting <u>Yarborough v. Gentry</u>, 540 U.S. 1, 8 (2003) (per curiam)), and we find that presumption to be appropriate here, where counsel's explanation of his conduct reflected a reasoned approach. Petitioner also suggests that it was unreasonable for counsel to assume that the judge would not improperly consider the gun in reaching her verdict, but, in fact, the Pennsylvania Supreme Court has itself stated that a trial judge "is presumed to disregard inadmissible evidence and consider only competent evidence."  <u>Commonwealth v. Fears</u>, 836 A.2d 52, 71 n. 19 (Pa. 2004)

(citation omitted).  In light of this precedent, counsel's assumption that the judge would not ascribe improper significance to the gun was surely reasonable.

Finally, Petitioner argues that the Superior Court and the Magistrate Judge improperly understood counsel to testify that he desired the gun evidence to come in to demonstrate Petitioner's cooperation, when Petitioner read it only to suggest that counsel retrospectively attempted to mitigate the ill effects of the gun evidence after it came in by arguing that it was evidence of Petitioner's cooperative attitude.  In the full context of the question and answer, however, we conclude that counsel's testimony can and should be read to convey that counsel believed that the facts surrounding recovery of the gun affirmatively strengthened his argument that Petitioner was unusually cooperative with the authorities when he was arrested, which, in counsel's view, reduced the negative effect of Petitioner being a long-time fugitive.  Under all of these circumstances, like the Magistrate Judge, we conclude that it was not unreasonable for the Superior Court to hold that trial counsel had a "reasonable trial strategy" when he decided not to challenge evidence regarding the gun and to focus, instead, on "emphasizing that [Petitioner] was cooperative with police upon his arrest."  Commonwealth v. Smith, No. 62 EDA 2006, slip op. at 8 (Pa. Super. Ct. Aug. 14, 2007) (citing N.T. 9/23/05 at 9).  Consequently, we conclude, consistent with the Magistrate Judge's recommendation, that the state courts did not unreasonably apply Strickland to the facts of this case, and we overrule Petitioner's Objection to this recommendation of the Magistrate Judge.

4.    Objections to Ground Four – Cross-examination of N'Cole Pendergrass

Petitioner also objects to the Magistrate Judge's recommendation that the state courts did not unreasonably apply Strickland in determining that trial counsel was not ineffective during his cross-examination of N'Cole Pendergrass.  Petitioner argues that his trial counsel provided

ineffective assistance of counsel because, while cross-examining Pendergrass, he elicited testimony from Pendergrass that he had previously identified an object in Petitioner's hand as a gun.  Petitioner contends that this prior testimony would not have been mentioned without this cross-examination and that, instead, Pendergrass's testimony on direct-examination that he could not identify the object in Petitioner's hand would have remained credible.  Petitioner further argues that counsel should not have engaged in this questioning because trial counsel had already thoroughly impeached Pendergrass.

Like Magistrate Judge Sitarski, we conclude that the state courts reasonably applied Strickland when they found, inter alia, that counsel's cross-examination was part of a reasonable trial strategy to impeach Pendergrass.  During the hearing for post-sentence motions, trial counsel testified that his goal in cross-examining Pendergrass was to show that the witness was inconsistent at all relevant times.  See Smith, No. 62 EDA 2006, slip op. at 8-9 (citing N.T. 9/23/05 at 25).  Petitioner seems to argue that counsel's performance was constitutionally deficient because he continued pointing out inconsistencies in Pendergrass's statements when he had already thoroughly impeached the witness.  However, Petitioner is essentially asking us to use the benefit of hindsight to determine that a different strategy – namely, only impeaching Pendergrass on certain topics – would have been more effective.  While Petitioner may be correct that a different strategy may have been more effective, it is not our function on habeas review to determine whether counsel used the best trial strategy; rather, we only inquire whether counsel's strategy was objectively reasonable.  See Rolan v. Vaughn, 445 F.3d 671, 681-82 (3d Cir. 2006) ("Strickland and its progeny make clear that counsel's strategic choices will not be second-guessed by *post-hoc* determinations that a different trial strategy would have fared better." (citing Strickland, 466 U.S. at 689)); see also Richter, 562 U.S. at 110 ("[A]n attorney

may not be faulted for a reasonable miscalculation or lack of foresight . . . .").  Because counsel's conduct could reasonably be considered part of a sound trial strategy, we conclude that it was not unreasonable for the state courts to conclude that Petitioner failed to establish that trial counsel's performance was deficient.  Consequently, we overrule Petitioner's Objection to the Magistrate Judge's recommendation that we deny the claim that counsel was ineffective in his cross-examination of Pendergrass.

5.   <u>Objections to Ground Five – Victim's Prior Conviction</u>

Next, Petitioner objects to the Magistrate Judge's recommendation that the state courts did not unreasonably apply <u>Strickland</u> in rejecting Petitioner's claim that trial counsel was ineffective for failing to introduce evidence that the victim had previously been convicted of third-degree murder.  Petitioner contends that counsel should have used this evidence to show that someone else had a motive to kill the victim.

However, as discussed above, <u>Strickland</u> counsels that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."  <u>Strickland</u>, 466 U.S. at 690.  Here, trial counsel confirmed at the post-sentencing hearing that he knew of the victim's prior conviction but chose not to use the evidence because "he found no conceivable nexus between the prior homicide and the instant case."  <u>Smith</u>, No. 62 EDA 2006, slip op. at 9 (citing N.T. 9/23/05 at 22-23).  Based on this testimony and the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," <u>Strickland</u>, 466 U.S. at 688, we agree with Magistrate Judge Sitarski that the state courts did not unreasonably apply <u>Strickland</u> when evaluating this claim.  Consequently, we overrule Petitioner's Objection to this aspect of the Report and Recommendation.

6.      Objections to Ground Nine – Waiver of Right to Testify

Petitioner further objects to the Magistrate Judge's recommendation that the Superior Court did not unreasonably apply Strickland insofar as it determined that Petitioner did not show that he received ineffective assistance of counsel when his counsel recommended that Petitioner not testify.  Petitioner contends that it was objectively unreasonable for counsel to recommend that he not testify because his testimony was necessary to counter the inference that he fled to Arizona because he was guilty.  Petitioner specifically argues that it was unreasonable for the Superior Court and the Magistrate Judge to defer to counsel's stated reason for recommending that Petitioner not testify – namely, that there was no way to explain why Petitioner had remained in Arizona for four and a half years.  In his Objections, Petitioner points to his own testimony in front of the PCRA court explaining that he would have testified that he fled because he feared for his life.

After a review of the record, we agree with Magistrate Judge Sitarski that the state courts did not apply the Strickland standard unreasonably to the facts of this case.  In reaching its legal conclusions, the PCRA court reasoned that trial counsel's performance was not deficient when he recommended that Petitioner not testify because Petitioner testified at the PCRA hearing that his trial testimony would have included admissions that he was at the scene of the crime and that he had an argument with the victim the day before the shooting.  Trial counsel explained, and the PCRA court agreed, that such testimony would have confirmed aspects of the Commonwealth's case and lessened the effect of the defense's argument that Petitioner could not have argued with the victim on a different day – the day on which Pendergrass said Petitioner was arguing with the victim – because there was no entry in his halfway house's work release log indicating that Petitioner had left the halfway house that day.  The PCRA court, after hearing Petitioner's

14

explanation of his flight, also agreed with Petitioner's trial counsel that testimony to that effect would not provide a good or convincing explanation as to why Petitioner remained a fugitive for over four years.  Therefore, the PCRA court concluded that trial counsel did not give advice that was objectively unreasonable, and the Superior Court affirmed the decision.

We find that the state courts articulated "a reasonable argument that counsel satisfied Strickland's deferential standard," which means that Petitioner has not established that he is entitled to habeas relief.  Richter, 562 U.S. at 105.  Petitioner's characterization of his testimony as being of "paramount importance" and his assertion that the testimony would have had only "incidental" effects on the rest of the defense strategy do not change our conclusion that the state courts reasonably applied Strickland under the circumstances presented.  (Objs. to R&R at 30.) We thus overrule Petitioner's Objection to this aspect of the Magistrate Judge's Report and Recommendation.

B.      Identity of N'Cole Pendergrass[5]

1.      Objections to Ground Six – Confrontation Clause Claim

Petitioner argues that the Magistrate Judge erred in recommending that there is no merit to his Confrontation Clause claim, in which Petitioner argues that he was deprived of his right to effectively cross-examine witness N'Cole Pendergrass because Pendergrass used an alias, thereby preventing Petitioner from uncovering Pendergrass's prior convictions that Petitioner could have used for impeachment purposes.  Petitioner objects to the Magistrate Judge's conclusion that he cannot prevail on his Confrontation Clause claim because there was no state

---

[5] In keeping with the recommendation of Magistrate Judge Sitarski, who found procedural irregularities with respect to these claims, we will review these claims on the merits in spite of the state courts' failure to address them.  (See R&R at 34, 40 n.17.)

action given that neither the trial court nor the prosecutor were aware that Pendergrass was testifying using a false name.

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]"  U.S. Const. amend. VI.  At issue here is the Confrontation Clause's "right to conduct cross-examination."  Pennsylvania v. Ritchie, 480 U.S. 39, 51 (1987) (citing Delaware v. Fensterer, 474 U.S. 15, 18 (1985) (per curiam)).  This right "includes the opportunity to show that a witness is biased, or that the testimony is exaggerated or unbelievable."  Id. at 51-52 (citations omitted).  "Normally the right to confront one's accusers is satisfied if defense counsel receives wide latitude at trial to question witnesses."  Id. at 53 (citing Fensterer, 474 U.S. at 20).  Notably, "the Confrontation Clause only guarantees 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'"  Id. (quoting Fensterer, 474 U.S. at 20; and citing Ohio v. Roberts, 448 U.S. 56, 73 n.12 (1980)).  "This precept applies even when the witness himself is unequivocally to blame for the relative ineffectiveness of the cross-examination."  Siegfriedt v. Fair, 982 F.2d 14, 19 (1st Cir. 1992) (citing Fensterer, 474 U.S. at 19).

 In arguing that the Magistrate Judge erred in concluding that some state action was required for a Confrontation Clause violation, Petitioner contends that Fensterer, a per curiam opinion, does not foreclose the possibility of a Confrontation Clause violation in the absence of state action.  However, in a subsequent case, the Supreme Court made clear that "a Confrontation Clause infringement claim [is cognizable] only when there was a specific statutory or court-imposed restriction at trial on the scope of questioning."  Ritchie, 480 U.S. at 53-54 (discussing Fensterer, 474 U.S. at 19).  Because, in Petitioner's case, neither the judge nor the prosecutor

16

impeded defense counsel's cross-examination,[6] and it was only the witness himself who caused the purported defect in the cross-examination, we agree that Petitioner has failed to establish that his rights under the Confrontation Clause were violated.  We therefore overrule Petitioner's Objection to the Magistrate Judge's recommendation that his Confrontation Clause claim lacks merit.[7]

        2.    <u>Objections to Ground Seven – Ineffective Assistance of Appellate Counsel</u>

Petitioner next objects to the Magistrate Judge's recommendation that Petitioner's post-sentence/direct appeal counsel was not ineffective for failing to present Petitioner's Confrontation Clause claim in his original post-sentence motion and for admitting on direct appeal that Pendergrass's *crimen falsi* convictions were inadmissible.  Petitioner also objects to the Magistrate Judge's recommendation that PCRA counsel was not ineffective for failing to raise the ineffectiveness of direct appeal counsel.

As we explained above, Petitioner's Confrontation Clause claim is meritless.  Because appellate counsel cannot be considered ineffective for failing to preserve a meritless claim, <u>see</u> <u>Werts</u>, 228 F.3d at 203, we conclude that Petitioner cannot prevail on his claim of ineffective

---

[6] Petitioner objects to the Magistrate Judge's recommendation that any claim that the prosecutor knew or should have known that Pendergrass was using an alias was unexhausted and procedurally defaulted.  In our view, however, the Magistrate Judge's recommendation in this regard is of no moment as no such claim was ever raised on federal habeas review or advanced by Petitioner in any of his submissions that were before the Magistrate Judge.  As Petitioner never presented such a claim, we need not address further the Magistrate Judge's commentary regarding the validity of any such claim.

[7] Petitioner also objects to the Magistrate Judge's commentary that Pendergrass's prior convictions were not proper impeachment material and that, in any event, any impeachment of Pendergrass with these convictions would not have significantly aided Petitioner's defense.  However, in spite of this commentary, the Magistrate Judge did not base her ultimate recommendation regarding Petitioner's Confrontation Clause claim on any conclusion about the admissibility or potential impact of these convictions as evidence.  As we similarly conclude that the absence of state action resolves Petitioner's claim, we need not address Petitioner's other Objections.

assistance of appellate counsel for failing to raise the Confrontation Clause claim.  Consequently, we overrule Petitioner's Objection to the Magistrate Judge's recommendation that appellate counsel was not ineffective in this regard.

Petitioner also argues that direct appeal counsel was ineffective when he conceded that Pendergrass's prior convictions were too old to be admissible for impeachment purposes.  (N.T. 9/23/05 at 33; Objs. to R&R Ex. J, at 33.)  This concession, however, was immaterial because, regardless of the convictions' admissibility or non-admissibility, the underlying Confrontation Clause claim (to which the concessions pertained) is meritless as there was no state action that infringed on Petitioner's right to effective cross-examination.[8]   We therefore overrule Petitioner's Objection to the Magistrate Judge's recommendation that Petitioner cannot prevail on his claim that direct appeal counsel was ineffective in conceding the inadmissibility of Pendergrass's prior convictions.

We further deny relief based on Petitioner's ineffective assistance of PCRA counsel claim because "[t]here is no constitutional right to an attorney in state post-conviction proceedings.  Consequently a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."[9]   Coleman v. Thompson, 501 U.S. 722, 752 (1991) (citing

---

[8] At times Petitioner seems to suggest that appellate counsel made this concession in connection with his argument that trial counsel was ineffective for failing to discover Pendergrass's alias and prior convictions, and that the concession improperly undermined that ineffectiveness claim, not the Confrontation Clause claim.  (See, e.g., Pet'r's Reply Br. at 11.) However, just as we have concluded that the concession had no effect on the success or failure of the Confrontation Clause claim, we conclude that it also had no effect on the success or failure of the above-referenced ineffectiveness claim.  Rather, as explained below, trial counsel did not perform deficiently in failing to discover Pendergrass's alias and prior convictions, and, thus, the admissibility of those prior convictions is simply immaterial.  See infra at Part III.B.3.

[9] In response to the Magistrate Judge's conclusion that PCRA counsel's ineffectiveness is not cognizable on federal habeas review, Petitioner states the following: "[A]ny procedural default of the issue of direct appeal counsel's ineffectiveness would be excusable" under

Pennsylvania v. Finley, 481 U.S. 551 (1987); Murray v. Giarratano, 492 U.S. 1 (1989); and Wainwright v. Torna, 455 U.S. 586 (1982)).  Consequently, we overrule Petitioner's Objection to the Magistrate Judge's recommendation that Petitioner cannot assert a claim of ineffective PCRA counsel.

       3.       Objections to Ground Eight – Ineffectiveness of Trial Counsel

Petitioner also objects to the Magistrate Judge's recommendation that trial counsel was not ineffective in his investigation of Pendergrass even though he failed to discover that Pendergrass was using an assumed name and had prior convictions.  Specifically, Petitioner argues that his trial counsel should have conducted a searches using Pendergrass's first initial and last name and using the maiden name of Pendergrass's mother.

In support of his argument, Petitioner relies heavily on Grant v. Lockett, 709 F.3d 224 (3d Cir. 2013), in which the Third Circuit held that a petitioner was entitled to relief on his ineffective assistance of counsel claim because counsel failed to investigate a witness's criminal history and parole status.  Id. at 233-34.  Grant, however, is distinguishable because Petitioner does not allege that trial counsel completely failed to investigate Pendergrass and his criminal history.  Rather, he alleges only that counsel failed to investigate whether Pendergrass had any criminal history under an alias.  Indeed, there is no dispute that Pendergrass had no convictions under the only name by which counsel knew him and that counsel actually hired an investigator to obtain additional information about Pendergrass by interviewing community members.  Despite these undisputed facts, Petitioner argues that counsel should have done more and should

---

Martinez v. Ryan, 132 S. Ct. 1309 (2012) and Trevino v. Thaler, 133 S. Ct. 1911 (2013).  (Objs. to R&R at 47.)  However, neither of these cases changes the long-standing rule that defendants are not entitled to effective assistance of counsel in state post-conviction relief proceedings.  These cases only discuss when procedural default of underlying ineffectiveness of counsel claims is excused because of the ineffectiveness of post-conviction relief counsel.

have realized that Pendergrass had an alias.  However, where, as here, counsel engaged an investigator to look into Pendergrass and testified at the PCRA hearing that he had absolutely no basis to believe that Pendergrass had used an alias (N.T. 9/23/05 at 11-13), we cannot conclude that counsel unreasonably failed to do more and thus failed to conduct the type of "reasonable" investigation that Strickland requires.  See Strickland, 466 U.S. at 691 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.  In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.").  We therefore overrule Petitioner's objection and deny relief on this basis.

We similarly deny relief based on Petitioner's claim that post-sentence/direct-appeal counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness in this regard because the underlying claim lacks merit.  See Werts, 228 F.3d at 203.

C.      Cumulative Error

Finally, Petitioner argues that the Magistrate Judge erred in recommending that his claim of cumulative error is unexhausted and procedurally defaulted.  Petitioner contends that the case on which Magistrate Judge Sitarski relies, Collins v. Sec'y of Pa. Dep't of Corrs., 742 F.3d 528 (3d Cir. 2014), only held that the procedural requirements of AEPDA must be followed when petitioners seek to aggregate various alleged errors under a multitude of constitutional theories and therefore does not apply where, as here, Petitioner only seeks to aggregate his ineffective assistance of counsel claims.  Id. at 543.

Petitioner, however, cites to no authority for the proposition that aggregate ineffective assistance of counsel claims are not required to be presented to the state courts before seeking

federal habeas review.  Instead, Petitioner simply argues that the language of <u>Strickland</u> indicates that "[a]llegations relating to multiple acts or omissions on the part of counsel are not to be treated as a multiplicity of claims of ineffective assistance, but rather, as parts of a unitary claim that counsel functioned ineffectively such that the defendant was denied his Sixth Amendment rights."  (Objs. to R&R at 54.)  According to Petitioner, "[c]onsideration of the cumulative effects of the various discrete acts and omissions is, then, under <u>Strickland</u>, part and parcel of the proper consideration of the prejudice prong."  (<u>Id.</u>)

However whether or not Petitioner's claim needed to be exhausted,[10] we conclude that Petitioner's cumulative error claim lacks merit.  As set forth above, we concluded that all but one of the ineffective assistance of counsel claims (all but Ground One) lacked merit because Petitioner did not satisfy the first prong of the <u>Strickland</u> analysis.  In the absence of any deficient performance on the part of Petitioner's counsel in connection with these claims, such claims give rise to no constitutional prejudice that can be bundled on a cumulative review.  <u>See</u> <u>Pursell v. Horn</u>, 187 F. Supp. 2d 260, 363 (W.D. Pa. 2002) (holding that, where none of the alleged claims of ineffective assistance of counsel surmount the first prong of <u>Strickland</u>, there are no errors to bundle together for a cumulative error review); <u>Xavier v. Harlow</u>, Civ. A. No. 12-1235, 2016 WL 97696, at *5 (M.D. Pa. Jan. 7, 2016) ("[T]rial counsel's performance must be found to be deficient on the individual claims of error before errors can be aggregated to demonstrate prejudice.").  As for the ineffective assistance claim presented in Ground One, we disposed of the claim without deciding whether counsel's performance was deficient, as we determined that Petitioner did not suffer any prejudice.  Therefore, there are no claims to

---

[10] Under the AEDPA, we may deny unexhausted claims if they are without merit.  <u>See</u> 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

aggregate, and Petitioner is not entitled to relief based on his claim of cumulative error.  We consequently overrule Petitioner's Objection to this recommendation of the Magistrate Judge.

## IV.    CONCLUSION

For the foregoing reasons, we overrule each of Petitioner's Objections and adopt the Report and Recommendation in its entirety.  In addition, as Petitioner has failed to make a substantial showing of the denial of a constitutional right or demonstrate that a reasonable jurist would debate the correctness of this ruling, we decline to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).  An appropriate Order follows.

BY THE COURT:


/s/John R. Padova_____
John R. Padova, J.